IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| QUINTON SEAN HUNTER, | * |
| REG 13953-045 | * |
| | * |
| RANDALL BRAVEHEART | * |
| REG 12471-073 | * |
| | * |
| Plaintiffs | * |
| | * |
| v. | *   Case No. 2:06CV130JMM/BD |
| | * |
| LINDA SANDERS, WARDEN | * |
| | * |
| Defendant | * |

## RECOMMENDED DISPOSITION

**I. Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

**II. Background**

Plaintiffs Hunter and Braveheart, two Native American inmates confined at the Forrest City Federal Correctional Institution, filed this 42 U.S.C. § 1983 complaint alleging violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act (#3). Plaintiffs allege that the warden's decision to move the location of the Sweat Lodge from consecrated ground to unconsecrated ground burdens the free exercise of their religious faith.[1] The Plaintiffs request declaratory and injunctive relief only. Additionally, the Plaintiffs filed a motion requesting a preliminary injunction (#4) to prevent the immediate moving of the Sweat Lodge.

Defendant Linda Sanders, warden of the Forrest City Correctional Institution, filed a motion to dismiss, or in the alternative, a motion for summary judgment on August 18, 2006 (#11). Plaintiffs did not respond to the Defendant's motion.

**III. Analysis**

Defendant Sanders' motion to dismiss includes a declaration by Associate Warden Harold Taylor, whose official duties include supervision of religious services at the prison complex. The declaration states that following a decision to move the Sweat Lodge to an alternate location due to security concerns, the Plaintiffs requested a meeting with prison management. The meeting between prison staff and twelve Native American inmates resulted in an agreement by all parties to place the Sweat Lodge in a new location suggested by the Plaintiffs. The prison ordered various materials and items to accommodate and consecrate the new site.

---

[1]Some Native Americans use sweat lodges as an integral part of purification ceremonies. Sweat lodges are oval, dome-shaped structures framed with willow saplings and commonly covered in canvas, with a pit dug inside for holding heated rocks.

Constitutional mootness exists "when the issues presented are no longer 'live' or when the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).  The case and controversy "must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).

Because the Plaintiffs request only declaratory and injunctive relief to prevent the Sweat Lodge's relocation to an area unacceptable to them—and prison officials have agreed to the Plaintiffs' suggested location—the action is moot.  Federal courts lack authority to give opinions on moot issues.  *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).  When inmates seek declaratory and injunctive relief for alleged constitutional violations that no longer exist, the request for relief is moot.  See *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (dismissing prisoner's first amendment claim for declaratory relief as moot after transfer to another prison); *Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985) (concluding that claim against warden for injunctive relief was moot because prisoner was transferred to another prison).

Accordingly, the Court recommends that the Plaintiffs' request for a preliminary injunction (#4) be DENIED, that Defendant's Motion to Dismiss (#11) be GRANTED, and that Plaintiffs' Complaint (#3) be DISMISSED, without prejudice.

DATED this 12th day of February, 2007.

_____
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT